UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOYCE INTERIORS LTD, <br><br> Defendant. | Case No. 1:22-cv-00759 <br><br> Judge J. Philip Calabrese <br><br> Magistrate Judge <br> Jonathan D. Greenberg |

# OPINION AND ORDER

On June 15, 2022, Plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc., moved for a default judgment against Defendant Joyce Interiors LTD for failure to answer the complaint. (ECF No. 6.) Plaintiff seeks injunctive relief to audit Defendant's books and records from 2019 to the present to determine the amount of damages owed. (*Id.*) For the following reasons, the Court **GRANTS** Plaintiff's motion for default judgment and **ORDERS** an audit of Defendant's books and records.

## BACKGROUND

On May 11, 2022, Plaintiff sued Defendant for breach of a collective bargaining agreement between the parties and for violating various provisions of the Employee Retirement Income Security Act. (ECF No. 1.) Plaintiff alleged that Defendant failed to pay fringe benefits for March and April 2021 and failed to pay reported working

hours or remit fringe benefits for May 2021 to March 2022 as the collective bargaining agreement requires. (*See id.*, ¶¶ 11–12, PageID #3.) Plaintiff seeks liquidated damages for the late payment of employee fringe benefits for July 2020, June 2021, and July 2021. (*Id.*, ¶ 13, PageID #3.)

The Court takes the following allegations as true. Plaintiff is an Ohio corporation, qualified and tax exempt under Sections 401 and 501 of the Internal Revenue Code of 1986. (ECF No. 1, ¶ 2, PageID #1.) Defendant is an Ohio corporation with its principal offices in Cleveland, Ohio. (*Id.*, ¶ 3, PageID #1.)

Plaintiff and Defendant are parties to a collective bargaining agreement. (*Id.*, ¶¶ 4–5, PageID #2.) Plaintiff administers funds pursuant to the collective bargaining agreement between the Indiana/Kentucky/Ohio Regional Council of Carpenters and certain employers, including Joyce Interiors. (*Id.*) Plaintiff administers these funds pursuant to their respective agreements and declarations of trust. (ECF No. 6-1, PageID #35.) The funds are third-party beneficiaries to the collective bargaining agreement. (ECF No. 1, PageID #2.)

Plaintiff timely served Defendant on May 16, 2022. (*See* ECF No. 4.) However, Defendant failed to answer Plaintiff's complaint or appear and defend against Plaintiff's claims. Consequently, the clerk entered default against Defendant on July 6, 2022. (ECF No. 9.) Plaintiff now seeks a default judgment. (ECF No. 6.)

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. "When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In other words, a default on well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved." *Antoine*, 66 F.3d at 110.

29 U.S.C. § 1132(g)(2) governs liquidated damages under ERISA. 29 U.S.C. § 1132(g)(2). When applicable, Section 1132(g)(2) instructs courts to award liquidated damages not in excess of twenty percent the amount of unpaid contributions. *Id*. § 1145(g)(2)(C)(ii).

At this juncture, Plaintiff does not seek default judgment with respect to a specific amount of damages. Instead. Plaintiff seeks an order requiring Defendant to submit to an audit so that Plaintiff may determine the amount due and owing. After conducting the audit, Plaintiff states that they will make further submissions to the Court regarding the amount due.

3

I. **Default Judgment as to Liability**

Under the terms of the collective bargaining agreement, Defendant agreed to pay wages and employee fringe benefit contributions for each covered employee it employs. (ECF No. 6-1, PageID #35.) The collective bargaining agreement requires Defendant to make fringe benefit contributions to Plaintiff no later than the 15th of the month following the month in which the hours were worked. (*Id.*, PageID #36.) If Defendant fails to make timely payments and contributions, it is subject to liquidated damages, cost of collection, and attorney's fees. (ECF No. 1, ¶ 9, PageID #5.) Defendant failed to make fringe benefit contributions for March and April 2021 and owes liquidated damages for the late payment of fringe benefits for July 2020, June 2021, and July 2021. (ECF No. 1, ¶¶ 11–13, PageID #3.)

The collective bargaining agreement authorizes Plaintiff to examine and copy Defendant's books and records, including payroll records. (ECF No. 6-1, PageID #35.) Further, the collective bargaining agreement provides that if the submission of payments and contributions is not timely made, the delinquent employer owes liquidated damages, cost of collection, and attorney's fees. (*Id.*)

Taking these allegations as true, Defendants are liable under the collective bargaining agreement and ERISA for an amount that has yet to be determined. Further, Defendant, a party to a collective bargaining agreement, is enjoined from violating the terms and conditions of the agreement under 29 U.S.C. § 1145.

### II. Damages Under ERISA

When Defendant is in default, well-pleaded allegations in the complaint are taken as true as to liability, but not as to damages. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *National Satellite Sports, Inc. v. Mosley Entm't Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2002) (noting that the allegations of the complaint regarding the amount of damages are not controlling) (citations omitted). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-CV-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x. 351, 354–55 (6th Cir. 2009)). The Court may rely on affidavits the plaintiff submits in support of damages without the need for a hearing. *Id.* at *2 (citations omitted).

Acknowledging that it must prove the amount of damages, Plaintiff requests that the Court require Defendant to submit to an audit so Plaintiff can ascertain the amount of damages and then move for an award. (ECF No. 6, PageID #30–31.)

The Court grants Plaintiff's motion. Plaintiff's audit must be completed by October 14, 2022, and Defendants are ordered to cooperate with Plaintiff in conducting the audit. If, as a consequence of the audit, Plaintiff determines the amount of damages that are owed, Plaintiff may file a properly supported supplemental motion no later than November 4, 2022.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment ([ECF No. 6.](#)) Accordingly, the Court makes the following findings and further Orders:

1. Defendant has violated the terms of the collective bargaining agreement and various provision of ERISA.

2. The Court **ORDERS** that Defendant abide by all terms and conditions of the collective bargaining agreement regarding the payment of contributions.

3. The Court **ORDERS** Defendant to open its books and records and submit to an audit so that Plaintiff may determine the amount due and owing to the funds; further, the Court **ORDERS** Defendant to cooperate with Plaintiff's audit in a timely manner. Plaintiff's any audit must be completed by October 14, 2022.

4. The Court **ORDERS** Plaintiff to make a further submission no later than November 4, 2022 providing evidentiary support for actual damages, attorneys' fees, costs, and/or statutory damages.

**SO ORDERED.**

Dated: September 21, 2022

                                               J. Philip Calabrese
                                               United States District Judge
                                               Northern District of Ohio