# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., | Case No. 1:22-cv-00759 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| JOYCE INTERIORS LTD, | |
| Defendant. | |

## OPINION AND ORDER

On September 21, 2022, the Court entered judgment against Joyce Interiors LTD in favor of Plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. (ECF No. 10.) Following proceedings for an audit, Plaintiff filed an amended motion for default including damages and attorneys' fees and costs on March 27, 2023. (ECF No. 18.) For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for this relief. Specifically, the court **AWARDS** Plaintiff damages and costs but **DENIES** attorneys' fees.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Defendant are parties to a collective bargaining agreement. (*Id.*, ¶¶ 4–5, PageID #2.) On May 11, 2022, Plaintiff sued Defendant for breach of the collective bargaining agreement and violations of the Employee Retirement Income Security Act. (ECF No. 1.) Plaintiff alleged that Defendant failed to pay fringe benefits and liquidated damages under the collective bargaining agreement and

ERISA. (*See id.*, ¶¶ 11–13, PageID #3.) Plaintiff timely served Defendant by personal service on May 16, 2022. (*See* ECF No. 4.) Defendant failed to answer the complaint or otherwise to appear. On June 15, 2022, Plaintiff filed a motion for default judgment. (ECF No. 6.)

This Clerk entered default against Defendant (ECF No. 9) and the Court granted Plaintiff's motion (ECF No. 10). The Court enjoined Defendant from violating the terms and conditions of the collective bargaining agreement under 29 U.S.C. § 1145 and ordered Defendant to submit to an audit so Plaintiff could ascertain the amount of damages on its claims. (*Id.*, PageID #49.) Eventually, Plaintiff completed this audit and filed a motion for an amended default judgment seeking $211,264.37 in fringe benefits and liquidated damages owed plus an additional $2,390.50 in costs and $2,769.00 in attorney fees. (ECF No. 18, ¶ 9, PageID #75.)

## ANALYSIS

**I.  Damages**

When a defendant is in default, well pleaded allegations in the complaint are taken as true as to liability, but not as to damages. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *National Satellite Sports, Inc. v. Mosley Entm't Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2002) (noting that the allegations of the complaint regarding the amount of damages are not controlling) (citations omitted). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-CV-208, 2012 WL 554573, at *1 (S.D. Ohio Feb.

21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x. 351, 354–55 (6th Cir. 2009)). A court may rely on affidavits the plaintiff submits in support of damages without the need for a hearing. *Id.* at *2 (citations omitted).

Plaintiff requests $211,264.87 in fringe benefits and liquidated damages in accordance with the collective bargaining agreement and ERISA. (ECF No. 18, ¶ 9, PageID #75.) Plaintiff submitted a detailed audit report that includes a breakdown of the damages incurred. (ECF No. 18-1, PageID #77.) That report establishes the damages that Plaintiff incurred and provides a reasonable basis for an award of damages on the claim for fringe benefits and liquidated damages. Therefore, the Court awards Plaintiff $211,264.87 in fringe benefits and liquidated damages

## II. Attorneys' Fees and Costs

Under ERISA, Defendant must pay Plaintiff its reasonable attorney's fees and costs of this enforcement action. 29 U.S.C. § 1132(g)(2)(D). To determine reasonable attorneys' fees, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). To prove that the purported fees are

3

reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1208 (6th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In determining a reasonable rate, the Court may also consider the awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 WL 697639, at *5 (N.D. Ohio Mar. 13, 2008), and its own knowledge and experience from handling similar requests for fees, *see Ousley v. General Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Coulter v. Tennessee*, 805 F.2d 146, 149–50 (6th Cir. 1986)). Attorneys' fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Ferrara v. CMR Contracting, LLC*, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998)).

Plaintiff requests $5,159.50 in attorneys' fees and costs, consisting of attorneys' fees in the amount of $2,769.00 and costs for service of process, filing fees, and deposition and transcript costs in the amount of $2,390.50. (ECF No. 18, ¶ 9, PageID #75; ECF No. 18-2, ¶¶ 4 & 6, PageID #80.) To support the fee request, Plaintiff provides an affidavit outlining the rates charged by partners, associates, and paralegals, and avers the fees were incurred between May 11, 2022 and March 27, 2023. (ECF No. 18-2, ¶ 4, PageID #80.) Additionally, the affidavit provides a breakdown of the attorneys' costs including $402.00 for filing the complaint, $662.00 for service, and $1,326.50 for deposition transcript fees. (*Id.*, ¶ 6, PageID #81.)

The affidavit Plaintiff submitted indicates that senior partners bill at a rate of $225.00 per hour, associates at $200.00, and paralegals at $85.00. (*Id.*, ¶ 4, PageID #80.) The affidavit indicates that Plaintiff incurred $2,769.00 in total legal fees. (*Id.*) However, counsel fails to identify the total number of hours billed, at what rate each hour was billed, or any other information to give the Court a basis on which to determine whether the fees Plaintiff seeks are reasonable. This omission fails to establish the lodestar information the law requires for an award of fees. *See, e.g.*, *Ferrara*, 848 F. Supp. 2d at 313 (quoting *Kirsch*, 148 F.3d at 172). It also fails to comply with the Court's Civil Standing Order, which provides in Paragraph 14:

> If requesting attorneys' fees or costs in connection with a motion for default judgment, the Court reminds counsel to provide proper support for such a request, including sufficient lodestar information. Failure to do so will result in denial of any such request.

Because Plaintiff failed to provide documentation to support its lodestar and to comply with the Court's Civil Standing Order, it has not carried its burden to establish the fees claimed. However, the affidavit Plaintiff submitted shows an entitlement to $2,390.50 in costs, which the Court awards.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's amended motion for default judgment. (ECF No. 18.) Accordingly, the Court **AWARDS** Plaintiff $211,264.37 in fringe benefits and liquidated damages and $2,390.50 in costs, for a total award of $213,654.87.

**SO ORDERED.**

5

Dated: April 17, 2023

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio